**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                         Plaintiff,

    v.                                       No. 1:16-CV-1103
                                                       (NAM/CFH)

GRIMMEL INDUSTRIES, LLC;
RENSSELAER IRON & STEEL, INC.;
TONY GRIMMEL,

                         Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

U.S. Department of Justice,              BRADLEY L. LEVINE, ESQ.
Environmental Enforcement Section   NATALIE G. HARRISON, ESQ.
P.O. Box 7611
Washington, DC 20044-7611
Attorneys for plaintiff

DOJ-ENRD                                     DONALD G. FRANKEL
408 Atlantic Avenue, Ste. 236
Boston, Massachusetts 02110
Attorneys for plaintiff

Whiteman, Osterman Law Firm       MICHAEL G. STERTHOUS, ESQ.
One Commerce Plaza, Ste. 1900      TARA L. MACNEILL, ESQ.
Albany, New York 12260
Attorneys for defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

# MEMORANDUM-DECISION & ORDER[1]

Presently pending before the undersigned is plaintiff's Motion to Strike

---

[1] The plaintiff's motion to strike affirmative defenses is a nondispositive motion that a magistrate judge is authorized to decide pursuant to 28 U.S.C. § 636(b)(a)(A). See, e.g., Genon Mid-Atlantic, LLC v. Stone & Webster, Inc., 11 CV 1200 (HB), 2012 WL 1372150, at *3 n.5 (S.D.N.Y. Apr. 18, 2012; Madison Maidens, Inc. v. American Mfrs. Mut. Ins. Co., 05 Civ 4585 (JTS/JCF), 2006 WL 785270, at *1 n.1 (Mar. 27, 2006); St. Paul Fire & Marine Ins. Co. v. Health Fielding Ins. Broking Ltd., No. 91 Civ. 0748, 1996 WL 19028, at *11 (S.D.N.Y. Jan. 17, 1996).

Affirmative Defenses pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(f). Dkt. No. 20. Defendants opposed the motion. Dkt. No. 28. Plaintiff filed a reply. Dkt. No. 29. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

## I. **Background**

Plaintiff commenced this action against defendants on September 9, 2016, seeking to hold defendants liable for alleged violations of The Clean Water Act ("CWA"), 33 U.S.C. § 1251, et seq. Plaintiff contends that, as relevant here, the CWA "requires owners and operators of facilities engaged in industrial activities to obtain a CWA permit for stormwater discharges from a point source into navigable waters; this includes stormwater discharges from scrap metal facilities." Dkt. No. 20-1 at 2 (citing 40 C.F.R. § 122.26(b)(14)(vi)).

Plaintiff seeks to strike twenty-five of defendants' forty-four affirmative defenses: first, second, fourth, seventh, eight, ninth, tenth, twelfth, thirteenth, fourteenth, eighteenth, twentieth, twenty-second, twenty-fourth, twenty-fifth, twenty-eighth, twenty-ninth, thirty-second, thirty-fifth, thirty-seventh, thirty-ninth, fortieth, forty-first, forty-second, and forty-forth. Dkt. No. 20-1; Dkt. No. 15.[2]

## II. **Legal Standard**

---

[2] In its reply, the United States withdrew its motion insofar as it sought to strike the thirty-forth affirmative defense. Dkt. No. 29 at 9.

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Courts generally disfavor Rule 12(f) motions and do not routinely grant them." State of N.Y. v. Almy Bros., Inc., 971 F. Supp. 69, 72 (N.D.N.Y. 1997) (citing William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986)); see also Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999) ("It is well-established in this Circuit that '[a] motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored.'")(quoting Salcer, 744 F.2d at 939)). "However, courts should grant these motions when the defenses presented are clearly insufficient." Employers Ins. Co. of Wausau v. Crouse-Community Ctr., Inc., 489 F.Supp. 2d 176 (N.D.N.Y. Apr. 25, 2007). A motion to strike an affirmative defense under Rule 12(f) "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Salcer, 744 F.2d at 939. "In making its determination on a Rule 12(f) motion, a court 'must accept the matters well-pleaded as true and should not consider matters outside the pleadings.'" Employers Ins. Co. of Wausau, 489 F. Supp. 2d at 179 (quoting County Vanlines, Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 152 (S.D.N.Y. 2002) (internal quotations omitted)).

### III. Discussion
### A. Threshold Issues

The parties point out that many of these affirmative defenses were at issue in similar litigation commenced before the District of Maine, United States v. Kennebec Scrap Iron, Inc., No. 1:16-CV-191, 2016 WL 6651302, at *4 (D. Me, Nov. 10, 2016).[3] Acknowledging the ruling of the District of Maine, defendants contend that the "Kennebec court dismissed their eight, fourteenth, twenty-second, twenty-fourth, twenty-fifth, thirty-fifth, and forty-fourth affirmative defenses in the Maine Action." Dkt. No. 28 at 7. Thus, defendants acknowledge that the Kennebec Court dismissed the equivalent of affirmative defenses fourteen, twenty-two, twenty-four, and forty-four raised in this case. Dkt. No 28 at 7. As plaintiff points out, defendants also contend that the Kennebec Court dismissed the equivalent of the eighth and thirty-fifth affirmative defenses in this case; however, the Kennebec Court did not dismiss those affirmative defenses on the motion to strike. Id. Further, defendants do not acknowledge that the Kennebec Court also dismissed the equivalent of affirmative defenses number one ("The Complaint fails to state a claim upon which relied can be granted"), twenty-five ("The violations alleged are unenforceable because they are overbroad"), and thirty-five ("bypass defense").

Although defendants do not explicitly withdraw their opposition to this Court striking those affirmative defenses, defendants note that they "are unaware of

---

[3] The Kennebec Court dismissed, as relevant here, the following affirmative defenses: (1) "The Complaint fails to state a claim upon which relief can be granted," "Plaintiff's claims fail because they are moot," (2) "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches," (3) "The violations alleged are unenforceable because they are vague," (4) "The violations alleged are unenforceable because they are overbroad," (5) "The Plaintiff seeks to apply impermissibly the Clean Water Act's Responsible Corporate Officer doctrine, which is limited by statute to criminal enforcement," and (6) "defendant is entitled to the by-pass defense. 2016 WL 6651302.

4

controlling authority in this District or Circuit refuting the Kennebec court's decision in that regard, and leaves resolution of these issues to the sound discretion of the Court." Id. Plaintiff points out that defendants also

> state in their response that the Kennebec court struck their Eighth ("Defendants have not violated the Clean Water Act. There are no ongoing violations.") and their Forty-Fourth ("Defendants reserve the right to assert additional affirmative defenses based on information gathered during discovery.") affirmative defenses, and admit they have no basis to argue for a different result in this Court. The Kennebec court, however, did not strike these two defenses. Indeed, the Defendants did not even assert the latter defense in that case. But Defendants concede these defenses should be stricken in this case. We agree.

Dkt. No. 29 at 4 (citing Dkt. No. 28 at 7).

The Court disagrees with plaintiff's argument that defendants have conceded that these affirmative defenses should be stricken, as the Court does not interpret this language as seeking to withdraw its opposition to the striking of these affirmative defenses; instead, defendants acknowledged the Kennebec holding and deferred to the Court. Thus, the Court will review whether plaintiff is entitled to have these affirmative defenses stricken.

Another issue the Court must first address is the government's assertion that a heightened pleading standard should apply in reviewing affirmative defenses. As plaintiff acknowledges, the Second Circuit has not decided whether Iqbal-Twombly's[4] heightened pleading standard applies to affirmative defenses. Thus, the Court declines to go beyond that Court's dictate; however, as this Court has previously advised, even

---

[4] See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

5

"[w]ithout deciding whether defendants need to be held to this higher standard, it is prudent to at least require defendants to include enough language to provide plaintiff with 'fair notice' of defenses, in line with the prevailing pleading standard in the Second Circuit . . . ." Thornton v. County of Albany, 9:14-CV-679 (DNH/CFH), 2016 WL 5793714, at *5 (N.D.N.Y. Oct. 4, 2016) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). With that standard in mind, the Court proceeds to its review of the motion to strike.

### B. Affirmative Defenses 1, 24, 25

Affirmative defense number one states, "[t]he Complaint fails to state a claim upon which relief can be granted." Dkt. No. 15 at 24. Affirmative defense number twenty-four states "[t]he violations alleged are unenforceable because they are vague." Id. at 27. Affirmative defense number 25 states, "[t]he violations are unenforceable because they are overbroad." Id. Plaintiff argues that affirmative defense number one should be stricken because (1) the complaint sets forth "a well-pleaded claim for relief," (2) "it is actually not an affirmative defense at all, but rather a denial of the plaintiff's allegations," and (3) the claims are well-pleaded. Dkt. No. 20-1 at 7. The Court agrees that affirmative defense number one must be stricken. For the reasons stated in plaintiff's memorandum of law and those in the Kennebec decision, plaintiff has set forth a well-pleaded claim. Dkt. Nos. 20-1 at 7-8; 28 at 21-22. Accordingly, affirmative defense number one is stricken.

Affirmative defenses twenty-four and twenty-five must be stricken for similar

6

reasons. These affirmative defenses claim, respectively, that the complaint is vague and overbroad. Dkt. No. 15. However, much as the Court has determined above, the complaint sets forth a short an plain statement showing the plaintiff is entitled to relief as is required under Federal Rule of Civil Procedure 8. Accordingly, for this reason, and those stated in plaintiff's memorandum of law, Dkt. No. 20-1 at 9, plaintiff's motion to strike affirmative defenses twenty-four and twenty-five is granted.

### C. Affirmative Defenses 2, 20

Affirmative defense number two states: "[t]he Court lacks jurisdiction under the provisions on the Clean Water Act." Dkt. No. 15 at 24. Plaintiff argues that affirmative defense number two must be stricken because CWA § 309(b) "expressly provides that federal district courts have jurisdiction over cases of this type[.]" Dkt. No. 20-1 at 10. Plaintiff contends that "[t]he fact that EPA authorized the State of New York to issue permits under the CWA does not mean the United States relinquished its authority to enforce those permits. Nor does it mean this Court loses jurisdiction to decide CWA cases properly brought in this District." Id. (citation omitted). In response, defendants contend that the government does not provide "any demonstration of the absence of any facts or any question of law presented by these defenses" nor "controlling authority in support of its claims." Dkt. No. 28 at 11.

Affirmative defense number twenty states that the relief plaintiff seeks "is not permitted under the Clean Water Act." Dkt. No. 15 at 26. Plaintiff contends that CWA 309(b) explicitly provides that the "United States can seek to enjoin violations of the

7

statute" and that "a district court may issue civil penalties for violations of the CWA." Dkt. No. 20-1. Defendants set forth the same arguments as in response to affirmative defense number 1.

In Kennebec, the Court denied plaintiff's motion to strike these affirmative defenses, noting that the government did not demonstrate that it would prevail despite any state of facts which could be proved in support of the defense, noting that it was premature for the Court to make that determination. Dkt. No. 28 at 23. This Court agrees. It cannot be said, at this very early stage, that there is no question of fact or of law presented by these defenses. Accordingly, the motion to strike affirmative defense numbers two and twenty is denied.

### D. Affirmative Defense 4

Affirmative defense number four states that "[p]laintiff lacks standing to bring this action." Dkt. No. 15 at 24. Plaintiff contends that it is well-settled Supreme Court precedent that the United States has standing "in actions where the United States is enforcing policies to protect the general welfare." Dkt. No. 20-1 at 11. The Kennebec Court declined to strike this affirmative defense, noting that although it may be the case that

> "it is unlikely that discovery between the parties will yield information relevant to these well-settled legal matters' . . . unlikelihood is not enough. To strike these defenses, the
Court must determine that the Government will prevail 'despite any state of facts which could be proved in support of the defense . . . and that these defenses 'present[] no question of law or fact that the court must resolve[.]"

Id. (citations omitted).

8

The Court agrees with plaintiff that it is well-settled that the government has standing to enforce general welfare policies; however, at these early pleading stages, given the high burden the plaintiff must prove, the Court cannot say that there is no fact or law that could exist, and plaintiff does not specify prejudice it would suffer by the Court's denial of the motion to strike this affirmative defense at this time. Accordingly, plaintiff's motion to strike affirmative defense number four is denied.

### E. Affirmative Defenses 7, 9, 10, 18, 28, 29, 37, 40

Plaintiff moves to strike affirmative defense numbers seven, nine, ten, eighteen, twenty-eight, twenty-nine, thirty-seven, and forty. Dkt. No. 20-1 at 12. Plaintiff contends that these defenses must be stricken because they are redundant. Dkt. No. 20-1 at 12. Further, plaintiff contends that these defenses are "merely denials of the plaintiff's allegations in the form of an affirmative defense." Id. Defendants deny that these affirmative defenses are redundant, arguing instead that they "are wholly distinct allegations," and that cases from within this Circuit show that "courts are reticent to strike even a seemingly redundant defense akin to a general denial in the absence of prejudice." Dkt. No. 28 at 13 (citing Saratoga Harness Racing, Inc. v. Veneglia, 94-CV-1400, 1997 WL 135946, at *7 (N.D.N.Y. Mar. 18, 1997); Oppel v. Empire Mut. Ins. Co., 92 F.R.D. 494, 498 (S.D.N.Y. 1981). The Court agrees with defendants for the reasons stated in defendants' brief. Although these defenses are general denials, due to the hesitancy this Court has in striking affirmative defenses, and the fact that plaintiff has not demonstrated prejudice, plaintiff's motion is denied as to affirmative defenses

9

numbers seven, nine, ten, eighteen, twenty-eight, twenty-nine, thirty-seven, and forty.

### F. Affirmative defenses 8, 14, 22, 24, 35, 44

Defendants acknowledge that the Kennebec Court dismissed in its case the equivalent of affirmative defenses fourteen, twenty-two, twenty-four, and forty-four raised in this case. Dkt. No 28 at 7. Defendants also contend that the Kennebec Court dismissed the equivalent of the eighth and thirty-fifth affirmative defenses in this case; however, the Kennebec Court did not dismiss those affirmative defenses on the motion to strike. Id. Further, defendants did not acknowledge that the Kennebec Court also dismissed the equivalent of affirmative defenses number one[5] ("The Complaint fails to state a claim upon which relied can be granted"), twenty-five ("The violations alleged are unenforceable because they are overbroad"), and thirty-five ("bypass defense").[6]

Affirmative defense fourteen states "plaintiff's claims fail because they are moot." Dkt. No. 15 at 25. The Court agrees that this affirmative defense must be stricken for the reasons stated in plaintiff's brief. As noted in Kennebec, "[m]ootness is not a viable defense to this action because it is black-letter law that the Government may seek penalties for wholly past violations of the Clean Water Act." Kennebec, 2016 WL

---

[5] Affirmative defense number one is addressed earlier in this Decision. Supra at 6.

[6] The Kennebenc Court dismissed seven affirmative defenses: "The Complaint fails to state a claim upon which relief can be granted" (number 1 in this case), "Plaintiff's claims fail because they are moot" (#14), "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches" (#22),"The violations alleged are unenforceable because they are vague" (#24), "The violations alleged are unenforceable because they are overbroad" (#25), "The Plaintiff seeks to apply impermissibly the Clean Water Act's Responsible Corporate Officer doctrine, which is limited by statute to criminal enforcement" (#31), and "defendant is entitled to the by-pass defense" (#35).

10

6651302, at *3 (citing Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 58 (1987); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 211 n.5 (2000) (Scalia, J., dissent). Accordingly, the Court grants plaintiff's motion to strike affirmative defense fourteen.

Plaintiff asks the Court to strike affirmative defense number eight, contending that this affirmative defense is moot and "essentially the same" as affirmative defense fourteen. Dkt. No. 20-1 at 12-13. Affirmative defense number eight states, "Defendants have not violated the Clean Water Act. There are no ongoing violations." Dkt. No. 15 at 25. Further, plaintiff argues that whether the violations have ceased or are ongoing "is of no consequence," and, as it argued for affirmative defense fourteen, that "mootness is not a viable defense because 'it is black-letter law that the Government may seek penalties for wholly past violations of the Clean Water Act." Dkt. No. 20-1 at 13. Defendants do not address this affirmative defense on the merits. The Court agrees with plaintiff, for the reasons discussed in review of affirmative defense fourteen, that striking this affirmative defense is proper. See Kennebec, 2016 WL 6651302, at *3.

Affirmative defense twenty-two states that plaintiff's "claims are barred, in whole or part, by the doctrine of laches." Dkt. No. 15 at 26. As pointed out by plaintiff, it is well-settled law that the defense of laches cannot be asserted against the government in enforcement actions. See, e.g., United States v. Manhattan-Westchester Med. Services, P.C., 06 Civ. 7906 (WHP), 2008 WL 241079, at *4 (S.D.N.Y. Jan 28, 2008) ("The affirmative defense[] of laches . . . [is] . . . unavailable against the Government)

11

(citing United States v. Agnell, 292 F.3d 333, 338 (2d Cir. 2002) ("Laches is not available against the government when it undertakes to enforce a public right or protect the public interest.")). The Court grants plaintiff's motion as to affirmative defense number twenty-two.

Affirmative defense number twenty-four states that the violations "are unenforceable because they are vague." Dkt. No. 15 at 27. Plaintiff argues that, pursuant to Fed. R. Civ. P 8(a)(2), the complaint must contain a plain statement demonstrating relief, and that the complaint suffices to meet that standard. Dkt. No. 20-1 at 9. The Court agrees. Defendants offer no support for their defense that the complaint is vague, and, thus, unenforceable. Accordingly, plaintiff's motion to strike affirmative defense number twenty-four is granted.

Affirmative defense thirty-five contends that defendants are entitled to the by-pass defense." Dkt. No. 15 at 28. Plaintiff argues that this defense should be stricken "because none of the United States' claims are based on the bypass provision of the CWA." Dkt. No. 20-1 at 15. Plaintiff directs the Court to Kennebec decision, where the Court struck the identical affirmative defense for this reason. Affirmative defense thirty-five is one that defendants left in the "sound discretion of the Court." Dkt. No. 28 at 7. For the reasons stated in plaintiff's brief, and set forth by the Court in Kennebec, 2016 WL 6651302, at *4, plaintiff's motion to strike affirmative defense number thirty-five is granted.

In affirmative defense forty-four, the defendants "reserve[d] the right to assert additional affirmative defenses gathered during discovery." Dkt. No. 15 at 29. Plaintiff

12

argues that this defense must be stricken as it "contravenes the Federal Rules of Procedure." Dkt. No. 20-1 at 16. Plaintiff explains that Rule 8(c) requires parties to state affirmative defenses in the answer, and any additional affirmative defenses could be added by seeking to amend the answer under Rule 15.

The Court finds that dismissal is proper for the reasons set forth in plaintiff's brief and in <u>County Vanlines, Inc. v. Experian Info. Solutions, Inc.</u>, cited by plaintiffs. 205 F.R.D. 148, 158 (S.D.N.Y. 2002) ("'if by inclusion of such defense [reserving right to add affirmative defenses], defendant wishes to reserve the unilateral right to add new and different affirmative defenses as they become known to it at indeterminate times in the future, any such addition would violate, inter alia, the fair notice requirement of [Fed. R. Civ. P. 8] and circumvent [Fed. R. Civ. P. 15].'") (quoting <u>Boss Prods. Corp. v. Tapco Int'l Corp.</u>, No 00 Civ. 0689, 2001 WL 135819, at *3 (W.D.N.Y. Feb. 16, 2001) (striking similar affirmative defense, noting, if by seeking to "reserve the right to add additional Affirmative Defenses as discovery proceeds in this case," the defendant was attempting to "reserve the unilateral right to add new and different affirmative defenses as they become known to it at indeterminable times in the future, any such addition would violate, inter alia, the fair notice requirement of [Fed. R. Civ. P.] 8 and circumvent [Fed. R. Civ. P.] 15."). Plaintiff's motion to strike affirmative defense forty-four is granted.

### G. Affirmative Defenses 12, 13, 32, 39, 41, 42

Plaintiff argues that affirmative defenses twelve, thirteen, thirty-two, thirty-nine, forty-one, and forty-two must be stricken because they fail to provide plaintiff with fair

13

notice of the defenses.  Dkt. No. 20-1 at 13.  Plaintiff argues that the twelfth affirmative defense ("Defendants have no liability for acts or omissions undertaken by or at the direction of or sufferance of any governmental authority or other expert.") does not provide notice because it "fails to identify the governmental authority or expert to which it refers, or how directions from authority or expert leads to the conclusion that has no liability."  Id.  Affirmative defense thirteen ("Any alleged violations were caused by third-parties over which Defendants exercised no authority or control"), the government argues, "provides no clue as to the identity of the alleged third parties."  Id.  Affirmative defense thirty-two ("Some of the conditions alleged by the government to be violations were the result of Acts of God.") "does not provide any inkling as to what acts of God it refers."  Id. at 14.  Affirmative defense thirty-nine ("Plaintiff's claims are barred for failure to exhaust administrative remedies") "does not indicate to what administrative remedies it refers" and the government further argues that "there are no administrative remedies that apply in a case such as this[.]"  Id.  Affirmative defense forty-one ("Plaintiff has failed to join all parties necessary to this action so that complete relief can be rendered herein, to Defendants' prejudice herein") failed to identify the parties.  Id.  Affirmative defense forty-two ("Defendants have resolved all potential liability for Plaintiff's allegations with the State of New York") fails to "hint to what enforcement actions Grimmel is referring."  Id.

Defendants argue that plaintiff "does not provide any standard upon which to determine what constitutes 'fair notice' of an affirmative defense, nor how, if at all, it is prejudicial."  Dkt. No. 28 at 14.  Further, defendants contend that because the defenses

14

provide plaintiff with fair notice of the nature of the defense, that the defenses are stated "in general terms" does not render these defenses insufficient, and further, "at the pleading stage, Plaintiff is not entitled to exhaustive knowledge of the full basis and scope of affirmative defenses." Id. In reply, plaintiff contends there is a split among the courts in this Circuit and elsewhere, with some courts holding that affirmative defenses should be stricken if conclusory and others holding "that defendants need not assert any facts in support of their affirmative defenses." Dkt. No. 29 at 8. In view of this split, plaintiff contends that it is not seeking the Court to strike the above affirmative defenses "solely on the fact that the Defendants' answer failed to provide any factual support for such defenses" but that defendants also "failed to provide any facts in support of these defenses in response to the motion to strike. Apparently, Defendants are unaware of any facts that support these defenses." Id. Thus, plaintiff urges the Court to strike these defenses.

Although the Court acknowledges that defendants defenses here are far from specific and cannot be said to be an ideal pleading, the Court cannot say that they fail to give plaintiff fair notice of the defenses. Plaintiffs do not explain why the deficiencies plaintiffs point out – for example, defendants' failure to identify any third parties in affirmative defense number thirteen – cannot be resolved through discovery. Further, "there is no requirement under 8(c) that a defendant plead any fact. Moreover, 'affirmative defenses which are essentially boilerplate do give [a] plaintiff fair notice." Figueroa v. Rsquared NY, Inc., No. 14-CV-4390 (ADS)(ARL), 2015 WL 3936256, at *3 (E.D.N.Y. June 26, 2015). Further, plaintiffs do not demonstrate the existence of

15

prejudice.

> When considering the sufficiency of the defense under the third prong of the analysis, "increased time and trial may constitute sufficient prejudice to warrant granting [a motion to strike]." 756 F.Supp. 2d at 425 (citing Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 272 (S.D.N.Y.1999)). However, "mere assertions by the moving party that he is prejudiced are insufficient."

Figueroa, 2015 WL 3936256, at *3 (quoting County Vanlines, Inc., 205 F.R.D. at 153. Accordingly, plaintiff's motion to strike affirmative defense numbers twelve, thirteen, thirty-two, thirty-none, forty-one, and forty-two is denied.

### IV. Conclusion

WHEREFORE, for the reasons stated herein, it is hereby **ORDERED**, that plaintiff's Motion to Strike, Dkt. No. 20, is **granted in part and denied in part**:

(1) The motion is **GRANTED**, insofar as the following affirmative defenses are stricken: 1, 8, 14, 22, 24, 25, 35, and 44; and

(2) The motion is **DENIED** as to the following affirmative defenses: 2, 4, 7, 8, 9, 10, 12, 13, 18, 20, 28, 29, 32, 37, 39, 40, 41, 42.

**IT IS SO ORDERED**.

Dated: August 6, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge